CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 20 2005
JOHN F. CORCORAN, CLERK
BY: /s/ H. McDaniel
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| LEON MARTIN, # 109323,<br>Petitioner, | )<br>) Civil Action No. 7:05cv00091<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE JOHNSON, DIRECTOR,<br>VDOC,<br>Respondent. | )<br>) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

Petitioner Leon Martin, # 109323, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Martin was convicted on January 7, 2002, in the Circuit Court of Halifax County, on two charges of possession of cocaine with intent to distribute. The court sentenced petitioner on February 22, 2002 to fifteen years on each conviction, with all time suspended.[1] Martin now raises several challenges to the validity of his confinement upon these convictions.

The respondent has filed a motion to dismiss Martin's petition, contending that it is procedurally barred. The court notified Martin of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. Martin has responded, thus making the motion to dismiss and the underlying petition ripe for consideration. Upon review of the record, I conclude that the motion to dismiss must be granted.

---

[1] Also on that day, petitioner was sentenced pursuant to two additional convictions for possession of cocaine with intent to distribute and conspiracy to distribute cocaine. The court ordered him to serve fifteen years on each of these convictions, with thirteen years suspended on the conspiracy sentence. Accordingly, Martin was sentenced in total to 75 years with 43 years suspended.

1

## I. Procedural History and Current Claims

The Circuit Court of Halifax County found Martin guilty of two counts possession with intent to distribute cocaine on January 7, 2002. He was thereafter sentenced to serve fifteen years on each of these charges, with all time was suspended. Martin appealed his convictions to the Court of Appeals of Virginia, but the court affirmed the convictions on June 17, 2003. Martin petitioned for an appeal to the Supreme Court of Virginia; it was denied on February 9, 2004.

On January 28, 2003, while his appeal was pending in the Court of Appeals, Martin filed a petition for writ of habeas corpus in the Circuit Court of Halifax County asserting two claims of ineffective assistance of counsel: 1) His trial attorney failed to object to the admission of audio and video tapes of drug transactions and 2) His trial attorney did not let him inspect the documents received from the Commonwealth in discovery. By order entered June 23, 2003, the circuit court dismissed the petition finding the claims were without merit. On June 26, 2003 Martin moved to amend or withdraw his petition, but the court denied that motion on September 18, 2003. Martin did not appeal either ruling to the Supreme Court of Virginia.

Martin then filed a petition for habeas relief in the Virginia Supreme Court. In that petition Martin raised four new claims: 1) His trial attorney did not make an objection when his rights to a speedy trial were violated, 2) His trial attorney did not object to the prosecutor's failure to disclose the truth when the prosecution's witnesses denied they had been promised leniency in exchange for testifying against Martin, 3) His trial attorney misadvised him that he could not have a suppression hearing to examine the person who had received the drugs to be tested at the laboratory, but had to wait until the trial to question him, and 4) The judge/clerk of the Circuit Court of Halifax County

2

interfered with Martin's ability to comply with state procedural rules by not letting him withdraw his habeas petition while his direct appeal was pending. The Virginia Supreme Court dismissed the petition on December 16, 2004 finding that the petition and the claims brought therein were barred by Virginia Code §8.01-654(B)(2).

Martin then filed this federal petition, which the court construes as raising the following grounds for relief:

A. Counsel was ineffective for misadvising him that he could not have a suppression hearing to examine the person who had received the drugs to be tested at the laboratory, but had to wait until trial to question him;

B. Counsel was ineffective for failing raise an objection regarding petitioner's right to a speedy trial or that said rights had been violated;

C. Counsel was ineffective for failing to object to the prosecutor's failure to disclose the truth when the prosecution's witnesses denied they had been promised leniency in exchange for testifying against Martin;

D. The judge/clerk of the Circuit Court of Halifax County interfered with Martin's ability to comply with state procedural rules by not letting him withdraw his habeas petition while his direct appeal was pending.

## II. Analysis - Procedural Default

The respondent argues that all of Martin's federal habeas claims are procedurally defaulted and thus barred from review on the merits in this court. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan

3

v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia, Virginia Code §17.1-411; in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia, §17-1-406(B); or in a habeas petition filed directly in the Supreme Court of Virginia, §8.01-654. Whichever route petitioner chooses for each of his claims, he must give the state courts a fair opportunity to consider on the merits the same argument and the same factual support for each claim. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

However, the presence of unexhausted claims in a federal petition does not require immediate dismissal of the claim or the petition as unexhausted if the petitioner currently has no available state court remedy. If it is clear that the state's law would now bar state review, exhaustion is not required, and federal review is precluded, absent a showing of either cause for the default and resulting prejudice or actual innocence. Teague v. Lane, 489 U.S. 288 (1989); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Similarly, when a state court has expressly dismissed a claim based on an adequate and independent state law ground, such as procedural default, federal review of that claim is barred, absent a showing of either cause for the default and resulting prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977).

Under these principles, I find that all of Martin's habeas claims are procedurally defaulted. The Supreme Court of Virginia dismissed Martin's second habeas petition as successive pursuant

4

to Virginia Code § 8.01-654(B)(2).[2] Accordingly, such claims were dismissed for a procedural reason: the statute bars successive habeas petitions unless the subsequent allegations are based on facts the petitioner had no knowledge of when he filed any previous petitions. The Fourth Circuit has recognized this successive petition provision as an adequate and independent state law ground for procedural bar purposes. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997), cert. denied, 521 U.S. 1140 (1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). Thus, those claims are procedurally barred from review by this court, absent a showing of cause and prejudice or actual innocence. Murray, 477 U.S. at 495-96.

### A. Cause and Prejudice

Martin has not demonstrated cause for his procedural defaults. Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded counsel's ability to comply with a state procedural rule. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). Martin claims his first habeas petition did not include the claims raised in the instant petition because a "clerk/judge" of the Circuit Court for Halifax County refused to allow him to amend that petition to include those claims. He therefore claims that to now prevent him from raising those claims in the instant petition would cause a "miscarriage of justice." However, it is uncontested that Martin did not make any motion to amend or withdraw his first habeas petition until after final judgment was rendered. Additionally, Martin argues that he did not include these claims in his original petition due to a lack of legal assistance in such matters and a lack of knowledge that he needed to include all his claims in that petition. As

---

[2]Martin's first habeas petition in the Circuit Court of Halifax County raised radically different claims of ineffective assistance of counsel. Those claims were subsequently dismissed as without merit and Martin never appealed that judgment to the Supreme Court of Virginia.

5

a petitioner has no right to assistance of counsel in state habeas proceedings, a lack of such assistance is insufficient to establish cause. Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999). Accordingly, petitioner has not provided evidence of cause such to excuse the procedural default of the claims he raises in this petition.

**B.     Actual Innocence**

Martin has not presented any evidence as to actual innocence. To open the "actual innocence" gateway, Martin must demonstrate that in light of "new reliable evidence . . . that was not presented at trial" and all other available evidence, it is more likely than not that no reasonable juror would find him guilty. Schlup v. Delo, 513 U.S. 298, 324-37 (1995). In this instance, Martin has not provided any evidence of his innocence or even made any argument as to such innocence. Accordingly, I conclude that Martin fails to demonstrate "actual innocence" so as to excuse his procedural defaults. Schlup, 513 U.S. at 324-37.

**III.     Conclusion**

Based on the foregoing, I will grant the motion to dismiss in its entirety. Martin's claims are procedurally defaulted. As he fails to demonstrate cause and prejudice or actual innocence to circumvent those defaults, they are barred from federal habeas review on the merits. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

§2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 20th day of June, 2005.

*/s/ Jackson L. Kiser*
Senior United States District Judge